B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COUNTY SEAT STORES, INC., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| ROBERT V. CATALDI | § | CIVIL ACTION NO. 3: 07-CV-0774-B |
| | § | |
| Plaintiff, | § | |
| | § | |
| -against- | § | |
| | § | |
| OLO CORPORATION OF NEW JERSEY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Plaintiff's Amended Motion to Withdraw Reference of the Case Pursuant to 28 U.S.C. § 157(d) ("Motion to Withdraw Reference") (doc. 3). The Court **ACCEPTS** and **ADOPTS** the Bankruptcy Court's Report and Recommendation on Motion to Withdraw Reference (doc. 6). Having found that diversity jurisdiction exists, the Court **ORDERS** that the reference to the bankruptcy court be withdrawn.

On July 14, 2000, Alan Cohen, the Chapter 11 Trustee for County Seat Stores, Inc., filed an adversary proceeding against Olo Corporation of New Jersey ("Olo") and Victory Harary[1] in the New York Bankruptcy Court to recover assets of the Debtor's estate in the aggregate sum of $1,350,242.49

---

[1] Victor Harary was dismissed from the proceedings on March 25, 2005 (Pl.'s Am. Mot to Withdraw Reference ¶ 12).

- 1 -

pursuant to state law and Sections 548, 549, and 550 of the Bankruptcy Code. (Report and Recommendation 1-2; Second Am. Compl. 1). On December 23, 2004, Alan Cohen sold the claims in this case to Robert V. Cataldi ("Cataldi"). (Report and Recommendation 2). After the New York Court entered a final decree in the bankruptcy case, the adversary proceeding was transferred to the Northern District of Texas where an order of reference assigning the case to Chief United States Bankruptcy Judge Barbara J. Houser was entered. (Report and Recommendation 3). Cataldi filed his Motion to Withdraw Reference on May 1, 2007 (doc. 3). In her Report and Recommendation on Motion to Withdraw Reference, Judge Houser recommended that in deciding whether to grant the Motion to Withdraw Reference, this Court should determine whether diversity jurisdiction exists over the claims asserted in the Amended Complaint (doc. 6). If diversity jurisdiction exists, Judge Houser recommended that this Court grant the Motion to Withdraw Reference. On the other hand, if diversity jurisdiction did not exist, Judge Houser recommended that this Court deny the Motion to Withdraw Reference. In its Order of October 3, 2007, this Court determined that the jurisdictional allegations in Cataldi's Amended Complaint were deficient and ordered him to file an amended complaint to cure the deficiencies (doc. 8). The Court now turns to the question of whether Cataldi's Second Amended Complaint properly alleges diversity jurisdiction.

In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The party invoking federal jurisdiction has the burden of establishing it. *See Howery v. Allstate Ins. Co.*, 234 F.3d 912, 916 (5th Cir. 2001). In the Second Amended Complaint, Cataldi alleges that Allen Cohen, the Chapter 11 Trustee who originally filed the adversary proceeding is a citizen of New York; Plaintiff Cataldi is a citizen of New

York; and Defendant Olo Corporation of New Jersey is a citizen of New Jersey, it was incorporated in New Jersey, and it has its principle place of business in New Jersey. Cataldi also states that the claims are for the aggregate sum of $1,350,242.49. The Court finds that these allegations are sufficient to establish diversity of citizenship pursuant to 28 U.S.C. § 1332.[2]

Accordingly, the Court **GRANTS** the Motion to Withdraw Reference.

SO ORDERED.

SIGNED November 26th, 2007

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**

---

[2] Cohen and Cataldi are both citizens of New York. Therefore, it is unnecessary for the Court to decide whether diversity of citizenship is determined by the citizenship of Cohen, the Chapter 11 Trustee who originally filed the adversary proceeding, or the citizenship of Cataldi, his successor in interest.